UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROOSEVELT LEE LP,

    Plaintiff,

 -against-

YOUNG SUNG KIM,        ECF Case No:

Defendant.

---------------------------------------------------------X

## NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

  PLEASE TAKE NOTICE that YOUNG SUNG KIM ( "Defendants"), by and through his undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of New Jersey, County of Bergen, Index No. BER-L-02854-23 (the "State Court Action"), to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332, 1334, 1441, and 1452 and Fed. R. Bankr. P. 9027 and states as follows:

  1. This case concerns the efforts by Roosevelt Lee LP ("Plaintiff") to collect amounts allegedly owed on a guaranty that was satisfied through a confirmed plan of reorganization in a bankruptcy case.

  2. On or around April 27, 2011, Mukenji II LLC (the "Debtor") and Plaintiff entered into that certain Assignment of Lease Agreement (the "Assignment") whereby the Debtor assumed liability for the a Lease dated November 26, 2007 (the "Lease") for retail space on the ground floor of the premises located at 34-36 West 32nd Street, New York New York (the "Property").

  3. As a result of the adverse market conditions created by the COVID-19 Pandemic, on June 30, 2021, the Debtor commenced a chapter 11 bankruptcy proceeding before the

Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), which was assigned index number 21-41737 (the "Bankruptcy Case").

3. The Debtor scheduled Plaintiff's claim in the Bankruptcy Case with a listed claim amount of $1,000,557.15, but listed the amount as disputed. See Bankruptcy Case at Dkt. No. 9. Because the amount was disputed, the Plaintiff was obligated to file a proof of claim asserting the amounts it was owed in order to participate in any plan distributions. See, e.g., Fed. R. Banrkr. P. 3003(c)(2).

4. On July 7, 2021, Plaintiff filed a proof of claim asserting that the amounts owing under the Assignment and Lease were $109,551.28. See Bankruptcy Case, Proof of Claim No. 4 (the "Claim"). In reliance on the Plaintiff's admission of the amounts it was owed, the Debtor proposed a plan of reorganization that paid all claims, including Plaintiff's claim, in full. On September 28, 22021, the Debtor filed its proposed Plan of Reorganization For Small Businesses Under Chapter 11 Subchapter V. See Bankruptcy Case at Dkt. No. 30 (the "Plan"). On February 1, 2022, the Bankruptcy Court entered an Order confirming the Plan. See Bankruptcy Case at Dkt. No. 50 (the "Confirmation Order").

5. Pursuant to the Plan and Confirmation Order, the Debtor paid the Claim in full. On

2. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it arises in and is related to a bankruptcy case. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

3. On July 22, 2022, the Bankruptcy Court entered an order approving the final decree and on October 6, 2022 the case was closed.

5. On May 31, 2023, nearly 10 months after the confirmation of the Plan and payment in full of Plaintiff's admitted claim, Plaintiff commenced the State Court action against Defendant.

6. At the time the State Court Action was commenced, the Bankruptcy Case was closed, and therefore removal was not a viable option. However, on April 18, 2025, the Bankruptcy Court, on motion by the Debtor with the support of the bankruptcy trustee, reopened the Bankruptcy Case. See Bankruptcy Court Dkt. No. 84 (the "Reopen Order").

7. No prior application for this relief has been made.

8. This Notice of Removal is timely filed. Fed. R. Bankr. P. 9027(2). This removal is being filed within 30 days of the date of the Order reopening the Bankruptcy Case, which serves as the order qualifying the trustee. At the time the case was filed, the Bankruptcy Case was closed. On April 18, 2025, the Bankruptcy Court entered the Reopen Order. As such, this action became ripe for removal on April 18, 2025.

9. Pursuant to Fed R. Bankr. P. 9027, Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the New Jersey Action is pending.

WHEREFORE, Defendants request that this civil action be removed from the Superior Court of the State of New Jersey, County of Bergen, to the United States District Court for the Eastern District of New York.

Dated: April 25, 2025

MORRISON TENENBAUM PLLC

By: /s/ Lawrence F. Morrison
Lawrence F Morrison

*Attorney for Defendant*